[No. A033825. First Dist., Div. One. June 25, 1987.]

JOSEFA SIMON, Plaintiff and Respondent, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Appellant.

COUNSEL

John K. Van de Kamp, Attorney General, and John J. Klee, Jr., Deputy Attorney General, for Defendant and Appellant.

Walter H. Medak for Plaintiff and Respondent.

OPINION

**RACANELLI, P. J.**—This is an appeal from a judgment granting a writ of mandate and ordering the California Unemployment Insurance Appeals Board to pay disability benefits to claimant Josefa Simon.

FACTS

For several years, Josefa Simon worked for Winchell's Donut Shop. As an employee, she was required to contribute to the State Disability Fund through the deduction of payroll taxes (SDI). In May 1983, Simon quit her job at Winchell's in order to open her own independent donut shop. Although the concern did not open as soon as expected, she was operating her own donut shop by October 1983.

In November 1983, Simon was injured in an automobile accident and became disabled. As a result of her disability, she sold her shop in February 1984. Simon then applied for state unemployment disability benefits. In her application she declared she had been self-employed when injured and intended to remain self-employed when her disability ended. The Employment Development Department denied her application, stating: "You had withdrawn from the labor market prior to the date you became disabled because you were self-employed for profit. Therefore, you are not suffering a loss of wages due to your disability but instead a loss of profits."

Simon appealed the decision to an administrative law judge, who denied her appeal following an evidentiary hearing. Appellant California Unem-

ployment Insurance Appeals Board (Board) denied her appeal following an independent review of the evidence.

Finally, in December 1985, the Contra Costa County Superior Court granted her petition for writ of mandate and ordered the Board to pay disability benefits. This appeal by the Board ensued.

## DISCUSSION

■ The Board contends that Simon was ineligible for unemployment compensation disability benefits because she was not a part of the covered labor force at the time of her disability. The Board submits that the labor force, for the purposes of the unemployment insurance system, includes those people employed or actively seeking employment and does *not* include those who are self-employed. We agree and reverse the decision of the trial court.

The purpose of the unemployment compensation disability benefit system is "to compensate in part for the wage loss sustained by individuals unemployed because of sickness or injury and to reduce to a minimum the suffering caused by unemployment resulting therefrom. . . ." (Unemp. Ins. Code, § 2601.)[1] That section as well as related section 140.5[2] specifically refer to "wage loss" or losses. This system is financed by required employee contributions. Those persons who are self-employed and who earn "profits" as distinguished from "wages" are not a part of the system. However, a self-employed person can elect to be covered by the system and make his or her own contributions. (Unemp. Ins. Code, § 708.5.)

As a self-employed person, Simon chose not to contribute to the unemployment compensation disability system, and thus was not covered at the time of her disability. Several decisions of the Board support this conclusion. (See Precedent Disability Decision No. P-D-402 (Leonard, Feb. 20, 1979); see also Disability Insurance Decisions Nos. 59 and 267.)[3] In Disability Insurance Decision No. D-3 (July 3, 1947), claimant opened his own car repair business after having worked as an employee for a ship-building

---

[1] This system differs from the general disability program under title XIV of the Social Security Act, Supplemental Security Income for the Aged, Blind and Disabled (42 U.S.C. § 1381 et seq.).

[2] Section 140.5 in its definition of unemployment compensation disability benefits "refers to money payments payable under Part 2 of this division to an eligible unemployed individual with respect to his wage losses due to unemployment as a result of illness or other disability resulting in such individual being unavailable or unable to work due to such illness or disability."

[3] We judicially notice the entire administrative record and the decisions presented at the hearing.

company. He later became disabled and applied for unemployment compensation disability benefits which were denied. The Board held: "In the present case, the evidence clearly establishes that the claimant has been self-employed for more than a year preceding the date his present disability occurred. During that time he has not been looking for work, nor has be been in the labor market. He has been engaged in business for profit, not in employment for wages. Since he was drawing no wages prior to his disability, he incurred no wage loss because of that disability. Section 150 of the Act states that the purpose of the Act is to compensate in part for the *wage loss* sustained by individuals unemployed because of sickness or injury. While the claimant's injury caused a suspension of business operations and the loss of profits, he has not incurred a loss of wages compensable under the Act. We therefore, conclude that claimant is not unemployed due to a disability within the meaning of Section 206 of the Act and Regulation 262." A similar conclusion is impelled herein.

Simon seeks to rely on another code provision to establish that because she had contributed to the system before she became self-employed, she is now entitled to draw benefits. Her reliance is misplaced. Simon misconstrues Unemployment Insurance Code section 2610, which concerns calculation of benefits and not determination of eligibility.[4] In fact, section 2610 and the sections following are directed to coordinating benefit calculations between the unemployment and the disability compensation systems depending on how long a currently disabled worker has been covered by the unemployment system. These sections have no application in determining a person's *eligibility* for disability benefits. That determination must first be made pursuant to sections 2625 through 2629.1, none of which supports Simon's claim to benefits as a noncontributing, self-employed person.

Simon also insists her argument is supported by *Ayala v. Unemployment Ins. Appeals Bd.* (1976) 54 Cal.App.3d 676 [126 Cal.Rptr. 210]. She is mistaken. In *Ayala,* the court upheld an award of disability benefits to an illegal alien without a work permit who was otherwise entitled to the benefits. He was employed by the same employer from 1968 until laid off in 1972 because he was physically unable to work. "It is undisputed that

---

[4] Section 2610 provides: " 'Disability base period,' with respect to an individual who does not have an unexpired benefit year for unemployment compensation benefits, means for disability benefit periods beginning in November, December, or January, the four calendar quarters ended in the next preceding month of June; the disability base period for disability benefit periods beginning in February, March, or April shall be the four calendar quarters ended in the next preceding month of September; the disability base period for disability benefit periods beginning in May, June, or July shall be the four calendar quarters ended in the next preceding month of December; the disability base period for disability benefit periods beginning in August, September, or October shall be the four calendar quarters ended with the next preceding month of March."

respondent's employment was terminated because he was disabled . . . . At the time of the disability respondent had not withdrawn from the labor market and respondent's work record shows that he was genuinely attached to the labor market." (*Id.,* at p. 679.)

Here, Simon's employment by her former employer (Winchell's) was terminated by her own choice and not due to disability. At the time of her injury, she had freely withdrawn from the labor force over five months earlier.

Simon's untenable claim that if the statute does not afford benefits for her, it is unconstitutional, obviously lacks merit. The disability benefits system, financed by employee contributions, was designed to insure against a worker's wage loss from unemployment due to disability. Had Simon chosen to contribute to the system as a self-employed person, she would likewise have been entitled to the prescribed disability benefits.

In light of our determination, we need not consider the Board's argument against the award of attorney fees below.

The judgment and the order awarding attorney fees, and each, are reversed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied July 27, 1987, and respondent's petition for review by the Supreme Court was denied September 16, 1987.